1

2

3

4

5

6

7              **UNITED STATES DISTRICT COURT**

8                EASTERN DISTRICT OF CALIFORNIA

9

10   DYLAN PRICE                          Case No. 1:13-cv-00710-DLB PC

11              Plaintiff,

12        v.                              **SCREENING ORDER DISMISSING
                                          CERTAIN CLAIMS AND DEFENDANTS**

13   L. GARRETT, et al.,                  (ECF No. 1)

14              Defendants.

15

16   I.    **Background**

17         Plaintiff Dylan Price ("Plaintiff") is a prisoner in the custody of the California Department of

18   Corrections and Rehabilitation ("CDCR").  Plaintiff is proceeding pro se and in forma pauperis in

19   this civil action pursuant to 42 U.S.C. § 1983.  On May 15, 2013, Plaintiff filed his Complaint,

20   which is presently before the Court for screening.  (ECF No. 1.)

21         The Court is required to screen complaints brought by prisoners seeking relief against a

22   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

23   Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

24   "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

25   monetary relief from a defendant who is immune from such relief.  *Id.* § 1915A(b)(1),(2).

26   "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

27   dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

28   claim upon which relief may be granted."  *Id.* § 1915(e)(2)(B)(ii).

                                          1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). While factual allegations are accepted as true, legal conclusions are not. *Id.*

**II.    Summary of Complaint**

Plaintiff was incarcerated at Wasco State Prison ("WSP") in Wasco, California, where the events giving rise to this action occurred. Plaintiff names correctional officers L. Garrett, J. Bennavidez, J. Katavitch, J. Martinez, G. Leyva, J. St. Michael, A. Bracken, S. Castaneda, and H. Romero as Defendants in this action.

Plaintiff alleges the following: On April 23, 2012, Plaintiff was called to pick up his mail outside his building under the C-yard. Once in line, Plaintiff was approached by Defendant Garrett who placed him on the fence to be searched. Defendant Garrett aggressively spoke to Plaintiff and demanded that he spread his legs wider. Plaintiff looked over his shoulder to ask if he was good yet. Defendant Garrett replied, "Let me help you out," and suddenly grabbed the back of Plaintiff's waistband and pulled his pants up in a violent manner.

Plaintiff immediately jumped off the fence and out of Defendant Garrett's grasp. Defendant Bennavidez tried to tackle Plaintiff but he was only able to pull Plaintiff's shirt over his head. Next Defendant Bennavidez swung his baton toward the left side of Plaintiff's head. Plaintiff blocked the blow to his head with his left arm. Defendant Garrett struck Plaintiff over his left eye with a baton. Defendant Bennavidez then struck Plaintiff's left leg multiple times with a baton while Defendant Garrett struck Plaintiff in the face with the baton. After about eight to ten blows from the officers, Plaintiff fell to his bottom. Plaintiff sat in a fetal position covering his head with his arms while Defendants Garrett and Bennavidez continued to hit him on the head with their batons.

Defendant Martinez arrived and tackled Plaintiff from a sitting position and forced his arms behind his back. More officers arrived and Plaintiff was kicked in the side of his face. Someone

twisted his right leg and struck him with a baton on his ankle.  Plaintiff was then cuffed and shackled.  One of the defendants tried to poke Plaintiff's eye out with his fingers while Plaintiff was facedown and two other defendants were on top of him.  Responding officers Romero, Castenada, and Leyva propped Plaintiff up on his feet.  One of these officers struck Plaintiff on the top of his left foot and called him a "fucking bitch."

After Plaintiff was escorted to a holding cage, Defendant Romero informed Plaintiff that a nurse would evaluate him.  Defendant Romero coerced Plaintiff into not filing a complaint.  L.V.N. Licardo took notes of eleven different cuts and bruises on Plaintiff and instructed Defendant Romero to take nine different pictures of Plaintiff's injuries.  Plaintiff then went to medical to have his wounds cleaned.  Defendant Romero tried to stop Plaintiff from telling the nurse how he got his injuries.  On April 26, 2012, Nurse Richards performed a full evaluation of Plaintiff's wounds and wrote down the story of what happened to him. Plaintiff saw the doctor the next for an X-ray and learned that he had a 10 mm bone spur on his left elbow. Plaintiff received a rules violation report from the incident that was fabricated by Defendant Garrett.

Plaintiff requests as relief compensatory and punitive damages.

## III.   Analysis

### A.   Eighth Amendment—Excessive Force

"What is necessary to show sufficient harm for purposes of the Cruel and Unusual Punishments Clause [of the Eighth Amendment] depends upon the claim at issue . . . ." *Hudson*, 503 U.S. at 8.  "The objective component of an Eighth Amendment claim is . . . contextual and responsive to contemporary standards of decency." *Id.* (internal quotation marks and citations omitted).  The malicious and sadistic use of force to cause harm always violates contemporary standards of decency, regardless of whether or not significant injury is evident. *Id.* at 9; *see also Oliver v. Keller*, 289 F.3d 623, 628 (9th Cir. 2002) (Eighth Amendment excessive force standard examines *de minimis* uses of force, not *de minimis* injuries)).  However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9.  "The Eighth Amendment's prohibition of cruel and unusual punishments necessarily excludes from constitutional recognition *de minimis* uses of physical force, provided that the use of force is not of a sort

'repugnant to the conscience of mankind." *Id.* at 9-10 (internal quotations marks and citations omitted).

"[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 7. "In determining whether the use of force was wanton and unnecessary, it may also be proper to evaluate the need for application of force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* (internal quotation marks and citations omitted). "The absence of serious injury is . . . relevant to the Eighth Amendment inquiry, but does not end it." *Id.*

Plaintiff has sufficiently alleged a claim for excessive force against Defendants L. Garrett, J. Bennavidez, and J. Martinez. As to Defendants J. Katavitch, G. Leyva, J. St. Michael, A. Bracken, H. Romero, and S. Castenada, the Court finds that Plaintiff fails to state a claim for excessive force. Plaintiff's complaint fails to state any facts regarding Defendants J. Katavitch, J. St. Michael, and A. Bracken. Defendants Romero, Castenada, and Leyva propped Plaintiff up on his feet upon responding to the incident, which fails to state a claim for excessive force. Plaintiffs alleges that one of these three hit him on his foot, however he is unable to name a particular defendant.

**IV.    Conclusion and Order**

Plaintiff states a cognizable Eighth Amendment claim against Defendants L. Garrett, J. Bennavidez, and J. Martinez for excessive force. Plaintiff does not state any claims against any other defendants.

Accordingly, it is HEREBY ORDERED that:

1.  This action proceeds against Defendants L. Garrett, J. Bennavidez, and J. Martinez for excessive force, in violation of the Eighth Amendment; and

///

///

///

4

2.  All remaining claims and defendants are dismissed for failure to state a claim.

IT IS SO ORDERED.

Dated:   __April 1, 2014__                    _____ /s/ *Dennis L. Beck*
                                              UNITED STATES MAGISTRATE JUDGE