# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DYLAN PRICE,<br>Plaintiff,<br>v.<br>L. GARRETT, et al.,<br>Defendants.<br>_____________________/ | Case No. 1:13-cv-00710-AWI-DLB PC<br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DEFENDANT'S MOTION TO DISMISS BE GRANTED<br>(Doc. 18)<br>TWENTY-DAY OBJECTION DEADLINE |

Plaintiff Dylan Price, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on May 15, 2013. This action is proceeding against Defendants Garrett, Benavidez, and Martinez for excessive force in violation of the Eighth Amendment of the United States Constitution.

On July 7, 2014, Defendants filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to exhaust the available administrative remedies, 42 U.S.C. § 1997e(a). Plaintiff filed an opposition on September 24, 2014, and Defendants filed a reply on October 1, 2014.[1] The motion has been submitted upon the record without oral argument pursuant to Local Rule 230(*l*).

///

---

[1] Plaintiff was provided with contemporaneous notice of the requirements for opposing a Rule 12(b)(6) motion. Woods v. Carey, 684 F.3d 934, 940 n.6 (9th Cir. 2012); Wyatt v. Terhune, 315 F.3d 1108, 1120 n.14 (9th Cir. 2003). (ECF No. 18 at 9-10.)

## A. LEGAL STANDARD

Pursuant to the Prison Litigation Reform Act of 1996, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Prisoners are required to exhaust the available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211, 127 S.Ct. 910 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process, Booth v. Churner, 532 U.S. 731, 741, 121 S.Ct. 1819 (2001), and the exhaustion requirement applies to all suits relating to prison life, Porter v. Nussle, 435 U.S. 516, 532, 122 S.Ct. 983 (2002). An administrative grievance must alert the prison to the nature of the wrong for which redress is sought. Griffin v. Arpaio, 557 F.3d 1117, 1120 (9th Cir. 2009).

The failure to exhaust in compliance with section 1997e(a) is an affirmative defense under which the defendant has the burden of raising and proving the absence of exhaustion. Jones, 549 U.S. at 216; Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). Defendant may raise the issue of exhaustion in either (1) a motion to dismiss pursuant to Rule 12(b)(6), in the rare event the failure to exhaust is clear on the face of the complaint, or (2) a motion for summary judgment. Albino v. Baca, 2014 WL 1317141, at *4 (9th Cir. 2014) (en banc) (quotation marks omitted). If the Court concludes that Plaintiff has failed to exhaust, the proper remedy is dismissal without prejudice. Jones, 549 U.S. at 223-24; Lira v. Herrera, 427 F.3d 1164, 1175-76 (9th Cir. 2005).

## B. APPEALS PROCESS

The California Department of Corrections and Rehabilitation has an administrative grievance system for prisoners to appeal any departmental decision, action, condition, or policy having an adverse effect on prisoners' welfare. Cal. Code Regs. tit. 15, § 3084.1. Prior to January 28, 2011, in order to exhaust all available remedies, an inmate was required to proceed through an informal level of review, and three formal levels of review, culminating in a third-level decision. Cal. Code Regs. tit. 15, § 3084.5 (Oct. 15, 2009). In order to satisfy section 1997e(a), California state prisoners are required to use this process to exhaust their claims prior to filing suit.

2

Woodford v. Ngo, 548 U.S. 81, 85-86, 126 S.Ct. 2378 (2006); McKinney, 311 F.3d at 1199-1201.

**C.    PLAINTIFF'S ALLEGATIONS**

Plaintiff was incarcerated at Wasco State Prison ("WSP") in Wasco, California, where the events giving rise to this action occurred.

On April 23, 2012, Plaintiff was called to pick up his mail outside his building under the C-yard. Once in line, Plaintiff was approached by Defendant Garrett who placed him on the fence to be searched. Defendant Garrett aggressively spoke to Plaintiff and demanded that he spread his legs wider. Plaintiff looked over his shoulder to ask if he was good yet. Defendant Garrett replied, "Let me help you out," and suddenly grabbed the back of Plaintiff's waistband and pulled his pants up in a violent manner.

Plaintiff immediately jumped off the fence and out of Defendant Garrett's grasp. Defendant Benavidez tried to tackle Plaintiff but he was only able to pull Plaintiff's shirt over his head. Next Defendant Benavidez swung his baton toward the left side of Plaintiff's head. Plaintiff blocked the blow to his head with his left arm. Defendant Garrett struck Plaintiff over his left eye with a baton. Defendant Benavidez then struck Plaintiff's left leg multiple times with a baton while Defendant Garrett struck Plaintiff in the face with the baton. After about eight to ten blows from the officers, Plaintiff fell to his bottom. Plaintiff sat in a fetal position covering his head with his arms while Defendants Garrett and Benavidez continued to hit him on the head with their batons.

Defendant Martinez arrived and tackled Plaintiff from a sitting position and forced his arms behind his back. More officers arrived and Plaintiff was kicked in the side of his face. Someone twisted his right leg and struck him with a baton on his ankle. Plaintiff was then cuffed and shackled. One of the defendants tried to poke Plaintiff's eye out with his fingers while Plaintiff was facedown and two other defendants were on top of him. Responding officers Romero, Castenada, and Leyva propped Plaintiff up on his feet. One of these officers struck Plaintiff on the top of his left foot and called him a "fucking bitch."

After Plaintiff was escorted to a holding cage, Defendant Romero informed Plaintiff that a nurse would evaluate him. Defendant Romero coerced Plaintiff into not filing a complaint.

3

1  L.V.N. Licardo took notes of eleven different cuts and bruises on Plaintiff and instructed
2  Defendant Romero to take nine different pictures of Plaintiff's injuries.  Plaintiff then went to
3  medical to have his wounds cleaned.  Defendant Romero tried to stop Plaintiff from telling the
4  nurse how he got his injuries. On April 26, 2012, Nurse Richards performed a full evaluation of
5  Plaintiff's wounds and wrote down the story of what happened to him. Plaintiff saw the doctor the
6  next for an X-ray and learned that he had a 10 mm bone spur on his left elbow. Plaintiff received a
7  rules violation report from the incident that was fabricated by Defendant Garrett.

8  **D.    DISCUSSION**

9  Defendant's motion is based on his contention that Plaintiff failed to exhaust his available
10 administrative remedies.  Defendant argues that Plaintiff's allegations of excessive force were not
11 properly exhausted in that Plaintiff limited his appeal to the alleged falsification of the Serious
12 Rules Violation Report.  Defendant contends that Plaintiff did not present claims of excessive
13 force in his 602 appeal.

14 In support of his contention, Defendant notes Plaintiff's attachments to his complaint.  In
15 Attachment 2, Plaintiff provides a copy of his 602 appeal form.  Plaintiff states the subject of his
16 appeal is his "guilty finding at the hearing and the way in wich [sic] it was handled." [ECF No. 1
17 at 57.]  See Sprewell v. Golden State Warriors, 266 F.3d 979, 988-89 (9th Cir. 2001) (quoting
18 Branch v. Tunnell, 14 F.3d 449, 453-54 (9th Cir. 1994) ("[W]e hold that documents whose
19 contents are alleged in a complaint and whose authenticity no party questions . . . may be
20 considered in ruling on a Rule 12(b)(6) motion to dismiss").  In explaining his issue, Plaintiff
21 states: "I am appealing the S.H.O.'s unwillingness to view the evidence, and fully ask of my
22 questions at the hearing wich [sic] were written out for Officer Garrett and Psych. Tech. Stanley.
23 Also I had requested my medical records be included at [sic]."  [ECF No. 1 at 57.]  Nowhere in the
24 602 appeal does Plaintiff claim or mention a violation of his civil rights by officers' use of
25 excessive force.  The Second Level of Review and Third Level of Review decisions are consistent
26 with the complaints Plaintiff raised in his 602 appeal.  They do not concern any claims of
27 excessive force in violation of Plaintiff's civil rights.

28 Based on these facts, Defendant correctly concludes that Plaintiff did not exhaust his

4

claims of excessive force, and the failure to exhaust is plain from the complaint. Defendant has therefore met his burden as the moving party by demonstrating the absence of any evidence that complete exhaustion occurred prior to the initiation of this action. Wyatt, 315 F.3d at 1119.

Compliance with the exhaustion requirement requires prisoners to adhere to the deadlines and other critical procedural rules, Woodford, 548 U.S. at 90, and the exhaustion requirement may not be satisfied by filing an untimely or otherwise procedurally defective appeal, Woodford, 548 U.S. at 83-84 (quotations omitted). However, in this Circuit the failure to exhaust may be excused where the administrative remedies are rendered effectively unavailable. Sapp v. Kimbrell, 623 F.3d 813, 822-23 (9th Cir. 2010); Nunez v. Duncan, 591 F.3d 1217, 1224 (9th Cir. 2010); Brown v. Valoff, 422 F.3d 926, 939-40 (9th Cir. 2005). The regulations governing administrative remedy processes apply with equal force to inmates and prison officials, and thus, if an inmate complies with the procedural rules, but prison officials fail to respond in compliance with the rules or otherwise thwart the process, it becomes unavailable. Sapp, 623 F.3d at 822-23; Nunez, 591 F.3d at 1224.

This exception applies if Plaintiff can show "(1) that he actually filed a grievance or grievances that, if pursued through all levels of administrative appeals, would have sufficed to exhaust the claim that he seeks to pursue in federal court, and (2) that prison officials screened his grievance or grievances for reasons inconsistent with or unsupported by applicable regulations." Sapp, 623 F.3d at 823-24.

In his statement in opposition, Plaintiff readily admits that he did not present his excessive force claims in his 602 appeal, and that the remedy was available but Plaintiff opted not to pursue it prior to filing the instant complaint.

Based on the foregoing, the Court finds that the failure to exhaust and the lack of a valid excuse is plain from the complaint. Accordingly, his claims of excessive force were not exhausted at the time of filing.

**E.     RECOMMENDATION**

Based on the foregoing, the Court HEREBY RECOMMENDS that Defendant's motion to dismiss for failure to exhaust be GRANTED, and the complaint be DISMISSED without

5

1 prejudice.

2      These Findings and Recommendations will be submitted to the United States District 3 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within 4 **twenty (20) days** after being served with these Findings and Recommendations, the parties may 5 file written objections with the Court.  The document should be captioned "Objections to 6 Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file 7 objections within the specified time may waive the right to appeal the District Court's order. 8 Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

9
10 IT IS SO ORDERED.

11    Dated:   **November 6, 2014**         /s/ *Dennis L. Beck*
12                                          UNITED STATES MAGISTRATE JUDGE